[Civil No. 449.   Filed May 8, 1895.]

[40 Pac. 209.]

UNITED STATES OF AMERICA, Plaintiff and Appellant,
v. JAKE FALSHAW et al., Defendants and Appellees.

1. COURTS—TERRITORIAL—CASES ARISING UNDER UNITED STATES LAWS—
   REV. STATS. U. S., SEC. 1910, CITED—JURISDICTION—ATTENDANCE OF
   WITNESSES FOR INDIGENT DEFENDANTS—REV. STATS. U. S., SEC.
   878, CONSTRUED—PAYMENT.—Under section 1910, *supra*, conferring
   upon the territorial courts the same jurisdiction in all cases arising
   under the constitution and the laws of the United States as is
   vested in the circuit and district courts of the United States, in a
   criminal case arising under the laws of the United States the court
   has power to make an order for the attendance of witnesses in
   behalf of indigent defendants, and it is the duty of the United
   States to furnish means for the attendance of such witnesses. Sec-
   tion 878, *supra*, construed.

APPEAL from a judgment of the District Court of the
Second Judicial District.   Owen T. Rouse, Judge.   Dismissed.

The facts are stated in the opinion.

E. E. Ellinwood, U. S. District Attorney, for Appellant.

HAWKINS, J.—On the trial of the cause in the district
court, defendants (appellees) having been indicted for rob-
bery of the United States mail, made application by affidavit,
under section 878 of the Revised Statutes of the United States,
asking that certain witnesses be subpœnaed for their defense
at the expense of the United States, and that they be paid by
said appellant such per diem for their attendance as the stat-
utes of the United States provide to be paid witnesses sub-
pœnaed on behalf of the United States.   This application was
allowed by the court, and from such order appellant under-
takes to prosecute an appeal to this court.

The record does not disclose the result of the action.   I do
not think it necessary in this cause to go to any great extent
into the question of the power and jurisdiction of the court
trying these defendants.   It may be said, however, that it is
a territorial court, and in addition to its common-law powers,
and the jurisdiction conferred upon it by the territorial stat-

ute, it is given the same jurisdiction, by Congress, in all cases arising under the constitution and the laws of the United States, as is vested in the circuit and district courts of the United States. Rev. Stats., sec. 1910. The case at bar is one arising under the laws of the United States. Section 878 of the Revised Statutes vests jurisdiction in a "court of the United States" to make an order for the attendance of witnesses in behalf of indigent defendants. The territorial court trying these defendants (Rev. Stats., sec. 1910) had the same jurisdiction. The appellant has not been injured by the order. It was his duty to furnish means for the attendance of such witnesses. I do not think an appeal lies from such order. The appeal is dismissed.

Baker, C. J., and Bethune, J., concur.